UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARGARET HASKINS, Individually and on Behalf of THE ESTATE OF JAMES D. HASKINS, Deceased, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. |
| WM SPECIALTY MORTGAGE, L.L.C. Without Recourse; AMC MORTGAGE SERVICES, INC.; AMERIQUEST MORTGAGE COMPANY; ADVANCED PROPERTIES; JIM H. HINTON, II; MARIO ALANZO; and SCOTT BOLEYN, | § § § § § § § § § § | SA-05-CA-1241 FB (NN) |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   Hon. Fred Biery**
      **United States District Judge**

### I. Introduction

The matter before the Court is plaintiffs'[1] motion to remand this case to the 225th Judicial District Court, Bexar County, Texas, where it was originally filed, on the grounds that the case was improvidently removed to federal court because the federal court does not have subject matter jurisdiction.[2] Plaintiffs contend that they did not fraudulently join the resident defendants,

---

[1] Because James Haskins was alive and involved in most activities that lead to this suit, I will refer to Margaret and James Haskins as plaintiffs.

[2] Docket Entry 4.

Advanced Properties, Jim H. Hinton II, Mario Alanzo, and Scott Boleyn (collectively "Resident Defendants") for the sole purpose of depriving the federal court of jurisdiction.  They also argue that defendants failed to establish that the amount in controversy exceeds $75,000.  In addition to requesting that the Court remand the case, plaintiffs seek attorney fees, costs and expenses.

Defendants (WM Specialty Mortgage, AMC Mortgage, Ameriquest, Advanced properties, Jim H. Hinton, Mario Alanzo, and Scott Boleyn, collectively "defendants") oppose the motion to remand and argue that the Resident Defendants were fraudulently joined.[3]  In support of their position, defendants argue that the allegations against the Resident Defendants are general and conclusory in nature, and are insufficient to establish a viable cause of action.

Having considered plaintiffs' motion,[4] defendants' response,[5] plaintiffs' reply[6] and supplemental briefing,[7] and the relevant case authority, I recommend that plaintiffs' motion to remand be **GRANTED** for the reasons set forth below.

I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for disposition by order, or to aid in their disposition by recommendation where my authority as a Magistrate Judge is statutorily constrained.[8]

---

[3] Docket Entry 8.

[4] Docket Entry 4.

[5] Docket Entry 8.

[6] Docket Entry 11.

[7] Docket Entries 12 and 15.

[8] Docket Entry 13.

## II. Federal Court Jurisdiction

This case is not within the removal jurisdiction conferred on district courts under 28 U.S.C. § 1441 *et seq.* For the reasons set forth below, the court lacks diversity jurisdiction as required under 28 U.S.C. § 1332(a)(1).

## III. Statement of the Case

On or about September 30, 2004, plaintiffs obtained a Home Equity Loan on property located at 14947 Northern Dancer, San Antonio, in Bexar County, Texas.[9] Plaintiffs obtained the loan from AMC Mortgage and/or Ameriquest in the amount of $142,400 at an initial interest rate of 7.990%. The annual percentage rate was 9.179%; the loan term 360 months. At the loan closing, AMC Mortgage and/or Ameriquest provided a settlement statement (also known as HUD-1 statement) and charged plaintiffs various fees to originate, evaluate, maintain, record, insure, or service the loan.

Defendant Hinton prepared an appraisal of plaintiffs' property for the purpose of the Home Equity Loan. WM Specialty Mortgage was assigned the Home Equity Loan and lien under the security instrument. Subsequently, WM Specialty Mortgage alleged that plaintiffs breached their obligations under the loan agreement, and brought an Expedited Foreclosure Proceeding under Rule 736 of the Texas Rules of Civil Procedure. Plaintiffs moved to abate and dismiss the Expedited Foreclosure due to filing of the Original Petition in state court.

In their petition, plaintiffs claim defendants WM Specialty Mortgage and/or AMC Mortgage and/or Ameriquest's conduct constitutes multiple violations of the Texas

---

[9] Docket Entry 1, Tab 2 (Plaintiffs' Original Petition).

Constitution.[10]  For example, plaintiffs allege that fees were charged in violation of the homestead provision of the Texas Constitution.[11]  Plaintiffs also claim that defendants' conduct constitutes negligent misrepresentation, fraudulent misrepresentation, and conspiracy.  Plaintiffs allege that defendants Advanced and/or Hinton's conduct (giving plaintiffs' property inflated and inaccurate value)[12] constitutes multiple violations of the Texas Deceptive Trade Practices Act.[13]

On January 30, 2006, plaintiffs moved to remand the case.  Plaintiffs contend they have viable claims against the Resident Defendants, and that those defendants were not joined solely to defeat diversity.

## IV. Issue Presented

Was the case improvidently removed to federal court?  Specifically, were the Resident Defendants fraudulently joined to defeat federal jurisdiction?

## V. Applicable Legal Standards

Plaintiffs move to remand the case to state court arguing that diversity jurisdiction is lacking.  Plaintiffs maintain that they have viable state claims against the Resident Defendants.  For that reason, plaintiffs contend that the Resident Defendants were not fraudulently joined for the sole purpose of defeating diversity jurisdiction.

### 1. Removal Standard

The overriding principle in matters of removal and remand is that federal courts have no inherent subject matter jurisdiction.  Federal courts are courts of limited jurisdiction by origin and

---

[10] **Id.** at ¶ 33.

[11] **Id.** (citing Tex. Const. art. XVI, § 50(a)(6)).

[12] **Id.** at ¶ 16.

[13] **Id.** at 8-12.

design.[14]  As a result, there is an initial presumption that federal courts lack subject matter jurisdiction to resolve a particular suit.[15]  It is well established that the party removing the case has the burden to present facts showing that federal subject matter jurisdiction exists.[16]  Whether a case may be removed is a question of federal law to be decided by federal courts[17] with the removal statute strictly construed,[18] and doubts concerning the propriety of removal construed against removal.[19]  The removal jurisdiction of the court is determined by examining the record as it stands at the time the notice of removal is filed without consideration of subsequent pleadings.[20]

    2. Diversity Jurisdiction:  Fraudulent Joinder

In cases removed to federal courts under 28 U.S.C. § 1441 on the grounds that diversity jurisdiction exists as defined by 28 U.S.C. § 1332, removing defendants bear the heavy burden of establishing plaintiffs' fraudulent joinder of non-diverse defendants.[21]  The Fifth Circuit requires defendants to prove: (1) that there has been outright fraud in the plaintiffs' pleadings of

---

[14] **Marathon Oil Co. v. Ruhrgas**, 145 F.3d 211, 215 ("Federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress."), **rev'd on other grounds**, 526 U.S. 574 (1999).

[15] **Kokkonen v. Guardian Life Ins. Co.**, 511 U.S. 375, 377 (1994).

[16] **Allen v. R&H Oil & Gas Co.**, 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] **Willy v. Coastal Corp.**, 855 F.2d 1160, 1164 (5th Cir. 1988); **Kansas Pub. Employees Ret. Sys. v. Reimer & Kroger Assoc. Inc.**, 4 F.3d 614, 618 (8th Cir. 1993).

[18] **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 108-109 (1941); **Healy v. Ratta**, 292 U.S. 263, 270 (1934).

[19] **Owens Equip. & Erection Co. v. Kroger**, 437 U.S. 365, 377 (1978); **Diaz v. Sheppard**, 85 F.3d 1502, 1505 (11th Cir. 1996).

[20] **FSLIC v. Griffin**, 935 F.2d 691, 695-96 (5th Cir. 1991)("The power to remove an action is evaluated at the time of removal.").

[21] **Madison v. Vintage Petroleum, Inc.**, 114 F.3d 514, 516 (5th Cir. 1997); **Willy v. Coastal Corp.**, 855 F. 2d at 1164 (5th Cir. 1988).

jurisdictional facts; or (2) that there is no possibility that the plaintiffs would be able to establish a cause of action against any of the non-diverse defendants under Texas law.[22]

In deciding whether defendants have met their burden, courts must "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."[23]  If,"[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines (that there is a) possibility of recovery against the party whose joinder is questioned," then remand is appropriate.[24]  However, the joinder of the defendant is fraudulent and remand will be denied if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[25]  The Fifth Circuit instructs that the removal statutes are to be construed narrowly, "with doubts resolved in favor of remand to the state court."[26]

### VI. Analysis

Defendants removed the case to this Court under 28 U.S.C. § 1441 based on diversity jurisdiction, arguing that plaintiffs failed to state a viable claim against the Resident Defendants. Defendants further argue that the Resident Defendants were fraudulently joined for the sole

---

[22] **Rodriguez v. Sabatino,** 120 F.3d 589, 591 (5th Cir. 1997).

[23] **Green v. Amerada Hess Corp.**, 707 F.2d 201, 205 (5th Cir. 1983).

[24] **Travis v. Irby**, 326 F. 3d 644, 648 (citing **Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.**, 313 F.3d 305, 312 (5th Cir. 2002)).

[25] **Smallwood v. Illinois Cent. R. Co.**, 385 F.3d 568, 573 (5th Cir. 2004).

[26] **Delgado v. Shell Oil Co.**, 890 F. Supp. 1324, 1341 (S.D. Tex. 1995), **aff'd**, 231 F.3d 165 (5th Cir. 2000).

purpose of avoiding this Court's subject matter jurisdiction. In support of their position defendants contend that plaintiffs have not and cannot establish a cause of action against the Resident Defendants. Plaintiffs challenge defendants' jurisdictional allegation and contend that they have alleged a valid cause of action against the Resident Defendants.

Because defendants did not argue that there has been outright fraud in plaintiffs' pleading of jurisdictional facts, the issue before the Court is whether there is any reasonable basis for predicting that plaintiffs might be able to recover on any of their causes of action against any of the Resident Defendants. If there is a reasonable basis for the Court to predict plaintiffs might be able to recover on any of their causes of action against the Resident Defendants, then the case must be remanded.

A. Fraudulent Joinder

1. The common law fraud cause of action

Defendants argue that plaintiffs' fraud and negligent misrepresentation claims against the Resident Defendants have no possibility of success, arguing "there is no allegation that Advanced Properties, Jim H. Hinton II, Mario Alanzo, or Scott Boleyn committed any specific act or omission beyond the usual process involved with obtaining a home equity loan - which is akin to saying that they did nothing more than promote the loan that was packaged by Ameriquest."[27]

The Texas Supreme Court explains that in order to prevail on a fraud claim, a plaintiff must prove that: (1) defendant made a material representation that was false; (2) defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) defendant intended to induce plaintiff to act upon the representation; and (4) plaintiff

---

[27] Docket Entry 8 at 6.

7

actually and justifiably relied upon the representation and thereby suffered injury.[28]

In this case, plaintiffs assert that they have sufficiently plead a cause of action against the individual defendants. Specifically, plaintiffs claim that Advanced and/or Hinton appraised plaintiffs' property and gave it an inflated value knowing full well the value was inflated.[29] Plaintiffs also allege that Alonzo and/or Boleyn were aware of the inflated value of appraisal, yet withheld this material fact from plaintiffs with the intent that plaintiffs rely on the appraisal entering into the Home Equity Loan.[30]

The well-established rule is that intentional omission of material information constitutes misrepresentation.[31] Plaintiffs alleged that the Resident Defendants knowingly misrepresented the value of their home and the amount that plaintiffs could borrow with the intention of inducing plaintiffs to secure the Home Equity Loan.[32] Consequently, plaintiffs have plead the first three elements of the fraud claim. Plaintiffs allege they relied on the appraised value of their property to their detriment.[33] Deferring to plaintiffs' allegations – which the Court must do at this stage of the case – plaintiffs' alleged reliance on the Resident Defendants' representation was justifiable. Therefore, plaintiffs have plead the fourth element of fraud: plaintiffs actually and justifiably relied

---

[28] **Ernst & Young, L.L.P. v. Pacific Mutual Life Ins. Co.**, 51 S.W.3d 573, 577 (Tex. 2001).

[29] Docket Entry 1, Tab 2 (Plaintiff's Original Petition) at ¶ 16.

[30] **Id.** at 5-7.

[31] **See Jones v. Texas Dept. of Protective & Regulatory Servs.**, 85 S.W.3d 483, 491 (Tex. App.-Austin 2002) ("At common law, fraud refers to 'an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage.'" **Vela v. Marywood**, 17 S.W.3d 750, 760 (Tex.App.-Austin 2000), **pet. denied**, 53 S.W.3d 684 (Tex. 2001)).

[32] Docket Entry 1, Tab 2 (Plaintiff's Original Petition) at 6-7.

[33] **Id.** at ¶ 45.

upon the representation and thereby suffered injury.

Evaluating plaintiffs' state court pleading in the light most favorable to plaintiffs, I recommend that plaintiffs have plead all of the necessary elements of a claim of fraud; therefore, their allegations are sufficient to support a common law fraud cause of action.

2. <u>Fraud liability against defendants Hinton, Alonzo and Boleyn in their individual capacities</u>

Defendants also challenge plaintiffs' fraud and negligent misrepresentation claims arguing that defendants Hinton, Alonzo, and Boleyn cannot be held individually liable because they were merely agents of defendant Ameriquest during the relevant period.[34]  Additionally, they argue that plaintiffs have not sufficiently stated a claim against any of the individual defendants beyond their conduct as employees of Ameriquest.

Under Texas law, a corporate agent who knowingly participates in a tortious or fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation.[35]  Plaintiffs sufficiently allege Hinton, Alonzo, and Boleyn knowingly made material misrepresentations concerning the value of plaintiffs' property.  Taking plaintiffs' allegations as true, defendants Hinton, Alonzo, and Boleyn knowingly participated in a fraudulent act (knowingly made the material misrepresentations).  Consequently, under Texas law, they may be held individually liable to plaintiffs.

If, after resolving all ambiguities in favor of plaintiffs, there is any reasonable basis to predict that plaintiffs might be able to recover on any of their causes of action against any of the

---

[34] Docket Entry 8 at 7.

[35] **Leyendecker & Assocs., Inc. v. Wechter**, 683 S.W.2d 369, 375 (Tex. 1984).

non-diverse defendants, the case should be remanded. I recommend that the Court find that there is a reasonable basis for predicting plaintiffs might be able to recover on their common law fraud cause of action against the Resident Defendants; and that the Resident Defendants were not joined solely to defeat this Court's diversity jurisdiction. Accordingly, I recommend the Court grant plaintiffs' motion to remand.

Plaintiffs have also argued that the defendants failed to establish that the amount in controversy exceeds the minimum jurisdictional amount ($75,000). Because plaintiffs did not fraudulently join the Resident Defendants, there is no complete diversity between plaintiffs and defendants, and it is unnecessary for the Court to address this issue.

B. Plaintiffs' Request for Attorney Fees, Costs and Expenses

Plaintiffs also request that the court award them the costs and expenses incurred as a result of defendants' removal of this proceeding.[36]

Section 1447 of Title 28 of the United States Code authorizes a federal court to impose the expenses of an improper removal on the removing party. In particular, the statute provides "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[37] Although courts need not find that the removing party acted in bad faith to award costs and expenses under 28 U.S.C. § 1447, costs are generally awarded only when the nonremovability is obvious.[38] In other words, courts generally decline to award costs when the removing party "had objectively reasonable grounds to

---

[36] Docket Entry 11.

[37] 28 U.S.C. § 1447(c).

[38] **News-Texan, Inc. v. City of Garland, Texas**, 814 F.2d 216, 220 (5th Cir. 1987).

10

believe the removal was legally proper" at the time of the removal.[39]

In the instant case, the imposition of costs and expenses would be unjust. Although plaintiffs have been able to establish a reasonable basis for the Court to predict plaintiffs might be able to recover on the common law fraud cause of action, defendants had objectively reasonable grounds to believe that the removal was proper at the time they removed the case. Therefore, plaintiffs' request that this Court shift the costs of the removal and award attorney fees and costs should be denied.

## VII. Recommendation

For the foregoing reasons, I recommend that plaintiffs' motion to remand (Docket Entry 4) be **GRANTED** because the District Court does not have subject-matter jurisdiction over this case. There is a reasonable basis for the District Court to predict that plaintiffs might be able to recover on their common law fraud cause of action against Resident Defendants Hinton, Alanzo, and Boleyn. Thus, the Resident Defendants were not fraudulently joined for the sole purpose of defeating diversity. Accordingly, this action should be **REMANDED** to the 225th Judicial District Court, Bexar County, Texas. Plaintiffs' request for attorney fees, costs and expenses should be **DENIED** for the reasons stated above.

## VIII. Instructions For Service And Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on each and every party either (1) by certified mail, return receipt requested, or (2) by facsimile if authorization to do so is on file with the Clerk. According to Title 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), any party who desires to object to this report must serve and

---

[39] **Valdes v. Wal-Mart Stores, Inc.**, 199 F.3d 290, 293 (5th Cir. 2000).

file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the District Court.[40]  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[41]

**SIGNED** on June 26, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[40] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985).

[41] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).